*503
SUMMARY ORDER

Petitioner Li Fang Chen, a native and citizen of the People’s Republic of China, seeks review of a December 18, 2007 order of the BIA affirming the March 13, 2006 decision of Immigration Judge (“IJ”) Douglas Schoppert denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Li Fang Chen, No. A95 687 587 (B.I.A. Dec. 18, 2007), aff'g No. A95 687 587 (Immigr. Ct. N.Y. City Mar. 13, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the decision of the IJ. Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the BIA did not err in finding on the record before it that Chen failed to establish her eligibility for relief. Substantial evidence supports the IJ’s conclusion that Chen did not demonstrate that she suffered past persecution at the hands of the Chinese government because she failed to show that her five-day detention rose to the level of persecution. We have held that while brief periods of detention, on their own, do not necessarily rise to the level of persecution, Ai Feng Yuan v. U.S. Dep’t of Justice, 416 F.3d 192, 198 (2d Cir.2005), overruled on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007)(en banc), a “minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground,” Beskovic v. Gonzales, 467 F.3d 223, 226 (2d Cir.2006)(internal quotation marks omitted). Chen does not point to evidence that would compel a reasonable fact-finder to conclude that Chen’s one-time, five-day detention with minimal food and water rises to the level of persecution inasmuch as she did not establish that her mistreatment resulted in any serious or lasting harm. See 8 U.S.C. § 1252(b)(4)(B); Bejko v. Gonzales, 468 F.3d 482, 485-86 (7th Cir. 2006).
Because Chen was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Gomez v. INS, 947 F.2d 660, 665 (2d Cir. 1991).
Finally, because Chen failed to challenge the agency’s denial of her CAT claim, she has waived any such argument. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.